PROST, Chief Judge,
concurring.
I join the majority opinion in the result based on the facts and circumstances of this case and in its reasoning with respect to Part III. I respectfully disagree, however, that in all circumstances, the provisions of the Master Labor Management Agreement (“master agreement”) at issue should be construed as having no consequences for the parties here. I agree that in the absence of clear past practice, we must look to the text of the master agreement and surrounding circumstances to determine the consequences for failure to comply with the deadlines imposed by the master agreement.
As the majority notes, the master agreement does not explicitly provide that noncompliance with the deadlines imposed in Section 10 could lead to the dismissal of the grievance. However, I respectfully disagree that in the absence of an established prior course of conduct, the lack of an explicit consequence for noncompliance requires that the deadline is a mere “housekeeping rule.” Majority Op. at 1382. Rather, we should look to the facts and circumstances surrounding the delay and the party or parties who may control compliance with the stated deadlines.
Here, the union was not the sole cause of delay. The grievance was submitted to the arbitrator in sufficient time to complete the hearing before the four month deadline in the master agreement. From the time the matter was submitted, scheduling was jointly controlled by the arbitrator, the agency, and the union. Because the union could not unilaterally ensure that the hearing took place in time under these circumstances, it should also not be penalized for the failure. However, in cases where the delay can be solely attributed to a single party, then it would be appropriate to enforce the deadlines present in the master agreement against the party responsible.
Accordingly, like the majority, I would reverse the arbitrator’s decision and remand the ease to address the merits, but on the basis that the union was not the sole cause for the delay.